UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ESOIMEME, | ) | |
| Plaintiff(s), | ) | No.  C02-5347 BZ |
| v. | ) | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| UNITED AIRLINES, INC., | ) | |
| Defendant(s). | ) | |

    Before me is defendant's motion for summary judgment.[1] The motion was filed pursuant to a further briefing order dated January 29, 2007, and following additional, limited discovery by plaintiff.  Defendant argues that bankruptcy proceedings bar plaintiff from pursuing his claim.  For the reasons stated below, I **GRANT** defendant's motion.

    On November 7, 2002, plaintiff filed his complaint against defendant alleging discrimination under federal and state law and other, related claims.  Plaintiff's claims

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all proceedings, including entry of final judgment.

1

concern conduct that occurred prior to December 2002. See Joint Statement of Undisputed Facts, at 2. On December 9, 2002, defendant filed a Voluntary Petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.[2] Plaintiff's counsel was made aware of defendant's petition by no later than January 9, 2002. See Civil Docket No. 5. Being informed of the bankruptcy, I stayed litigation of plaintiff's claim.

The bankruptcy court issued its order confirming debtors' second amended joint plan of reorganization on January 20, 2006. The order discharged and released defendant from all pre-confirmation claims. See Confirmation Order, Art. X.B at 119-20 ("the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release . . . of Claims and Causes of Action of any nature whatsoever, . . . , whether known or unknown, against, . . . the Debtors . . . including, without limitation, demands, liabilities, and Causes of Action that arose before the Confirmation Date."); see also 11 U.S.C. §§ 1141(d), 524(a)(2).

That plaintiff's pre-petition lawsuit is subject to discharge under the Confirmation Order and that plaintiff did not file a proof of claim form with the bankruptcy court is

---

[2] Defendant's request that I take judicial notice of its Voluntary Petition and the bankruptcy court's orders confirming debtors' second amended joint plan of reorganization and appointing Poorman-Douglas Corporation as the notice and claims agent for the proceedings is **GRANTED.** The documents consist of court records the accuracy of which cannot reasonably be questioned, and there is no opposition. Fed. R. Evid. 201(b), (d).

not disputed.  See, e.g., McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 (8th Cir. 1996) (disability discrimination claim discharged by bankruptcy, where actionable conduct arose prior to petition).  What is disputed is the sufficiency of the claims bar date notification received by plaintiff, and whether plaintiff may otherwise be excused from operation of the Confirmation Order.

When a creditor such as plaintiff "fails to file a proof of claim within the prescribed time limit, his claims are discharged by confirmation of a reorganization plan."  In re Maya Constr. Co., 78 F.3d 1395, 1399 (9th Cir. 1996) (citing 11 U.S.C. § 1141(d)(1)(A)).  In the Ninth Circuit, a known creditor must receive formal notice of the bankruptcy proceedings in order for him to be bound by a discharge order. Id. at 1398-99; Monster Content, LLC v. Homes.com, Inc., 331 B.R. 438, 443 (N.D. Cal. 2005).  "The notice must . . . advise of the method and deadline for filing a proof of claim."  In re Maya Constr. Co., 78 F.3d at 1399.  Defendants do not dispute that plaintiff was a known creditor at the time of the filing of the bankruptcy petition.  See Def.'s Mot. for Sum. J. at 6; Def.'s Reply at 1, n.1.

In support of its summary judgment motion,[3] defendant

---

[3] To prevail on summary judgment, the movant must demonstrate that there exists no genuine issue as to any material fact and that it is entitled to the entry of a judgment as a matter of law.  Fed. R. Civ. P. 56.  There is no issue of material fact where "the record taken as a whole could not lead a rational trier of fact to find for the [adverse party]."  Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  When determining whether there is a genuine issue for trial, "inferences to be drawn from the

submitted the declaration of Rhonda McNally, an employee of Poorman-Douglas personally involved in the mailing of the court-approved notice of deadline and claim forms. See McNally Decl. ¶¶ 1, 2. She avers that on March 11, 2003, she served by first-class mail two notices and two proof of claim forms to James Esoimeme at 7308 Outlook Ave., Oakland, CA 94605. Id. at ¶ 3. Attached to her declaration is a copy of the declaration of service of the notices and claim forms, copies of the notice and claim form mailed, and a portion of a list of known creditors used by her to determine who should receive the documents. See id. at ¶ 4. Plaintiff, with the above-described address, appears twice on the list. Plaintiff submitted a proof of claim form dated April 23, 2003, in the amount of $13,202.87, regarding a dispute entitled "IAM Retro."[4] See id. at ¶ 6; see also Pl.'s Opp. To Def.'s Separate Statement, at 7 (admitting that it is undisputed that plaintiff submitted this proof of claim form).

Defendant also submitted portions of plaintiff's deposition. Plaintiff admits that the address appearing on the mailing list is his correct address. See Eidelhoch Decl., Exh. 1, 52:1-11. He admits to having received at least one

---

underlying facts . . . must be viewed in the light most favorable to the [adverse party]." Matsushita, 475 U.S. at 587; Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

[4] The "IAM Retro" matter concerned retroactive wage claims secured by plaintiff's union, and was separate from and unrelated to plaintiff's lawsuit. See Esoimeme Decl. ¶¶ 3, 5 & 6.

4

1  set of the notice of deadline and claim forms.[5]  See id. at
2  53:7-11; see also id. at 42:1-9, 54:19-23.  He admits that he
3  filled out and mailed the "IAM Retro" claim form on or about
4  April 24, 2003.  See id. 46:19-48:2.  Finally, plaintiff
5  admits that he had retained an attorney prior to receiving the
6  bankruptcy documents, id. at 9:20-10:5, and that he could have
7  phoned his attorney to discuss the documents, but chose not
8  to.  Id. at 61:8-62:5.

   To avoid operation of the Confirmation Order, plaintiff
10 first asserts that his complaint in this case should serve as
11 an informal proof of claim.  In re Sambo's Restaurants, Inc.,
12 754 F.2d 811 (9th Cir. 1985).  In re Sambo's and its progeny
13 do not help plaintiff.  In Sambo's, the Ninth Circuit reversed
14 a bankruptcy court ruling denying plaintiff leave to amend an
15 "informal" claim.  The plaintiff had filed a wrongful death
16 lawsuit against Sambo's in federal district court in Alabama,
17 apparently unaware that Sambo's was in bankruptcy proceedings.
18 Upon being informed of the bankruptcy stay, counsel for
19 plaintiff and counsel for Sambo's stipulated to a timely
20 transfer of the complaint to the bankruptcy court in
21 California.  On the eve of the expiration of the bankruptcy
22 claims period, the district court declined to transfer the
23 case and dismissed it instead.  Citing the liberal policy of
24 allowing amendments to proofs of claim, the Ninth Circuit held

---

[5] The notice of deadline form contains all the required information.  Defendant is clearly identified as the entity entering bankruptcy.  The method and deadline for filing proofs of claim is included.  A blank proof of claim form was included; the notice provides a website address for obtaining additional forms.

5

that taken together, plaintiff's efforts constituted an informal claim which she should have been allowed to amend in bankruptcy court.  Unlike <u>Sambo's</u>, plaintiff's complaint was filed before the bankruptcy proceeding, plaintiff had full knowledge of the bankruptcy proceeding yet failed to file a proof of claim and plaintiff never sought leave in the bankruptcy court to amend his purported "informal" claim.

Plaintiff's assertion that the failure to provide formal notice of the claims bar date to his attorney rendered the notice imperfect also fails.  Notices that must be mailed to a creditor "shall be addressed as such entity or an authorized agent has directed in its last request...."  Fed. R. Bankr. P. 2002(g)(1); <u>see also</u> Fed. R. Bankr. P. 9010(b) (providing that an attorney appearing for a party must submit a notice of appearance).  If no designation request is made, "the notices shall be mailed to the address shown on the list of creditors...."  Fed. R. Bankr. P. 2002(g)(2).  Plaintiff has presented no evidence that he designated his attorney as the entity to receive notices relating to defendant's bankruptcy.  Mailing the notices directly to plaintiff was all that defendant was required to do.  <u>See, e.g.</u>, <u>In re Agway, Inc.</u>, 313 B.R. 22, 30 (N.D.N.Y. 2003); <u>Matter of Manfield Tire & Rubber Co., Inc.</u>, 73 B.R. 735, 739-40 (N.D. Ohio 1987).[6]

---

[6] <u>In re Golden Distributors, Inc.</u>, 128 B.R. 349 (S.D.N.Y. 1991), is distinguishable.  Because that notice lacked crucial information and was addressed to the wrong entity, the court concluded that the creditor "never received proper notice."  <u>Id.</u> at 351.  In noting that the creditor's counsel also was not served, the court was merely emphasizing the utter failure of notice.  <u>Id.</u> at 350-51.

6

Finally, plaintiff argues that his failure to file a timely proof of claim arose from excusable neglect.[7] Plaintiff submitted a declaration in which he states that he was informed by his union that he would have to file a claim form for his retroactive pay; that he did not understand that he would have to file a claim for his discrimination claim; and that he generally did not understand the import of the notice forms.[8]  Assuming the doctrine applies,[9] the notice of deadline received by plaintiff informed him that he would lose *all claims* against defendant if he did not file a form for each claim.  In addition, the notice encourages recipients to discuss their potential claims with an attorney.  Defendant's

---

[7] The factors a court typically look to in determining whether neglect is excusable are: "(1) the adequacy of the notice provided; (2) the source of the delay and the sophistication of the creditor; and (3) the prejudice, if any, that will inure to the debtor should the objection be allowed." In re Golden Distributors, Ltd., 128 B.R. at 351.  "[C]ourts have strictly construed the doctrine . . . [;] there must be a clear showing that the neglectful conduct was justifiable in the circumstances." Id. (citations omitted).

[8] Both plaintiff and his counsel make vague reference to plaintiff's somehow being deceived by Poorman-Douglas. Plaintiff, however, submitted absolutely no proof of this deception, and neither he nor his counsel explain the assertion.  To the extent that plaintiff suggests that he was misled because the forms and notices failed to identify his claims, the assertion has no legal merit. See In re National Steel Corp., 316 B.R. 510, 518 (N.D. Ill. 2004) (explaining that once a debtor inform creditors of its bankruptcy and related bar dates, it is for the creditors to determine whether they have cognizable claims).

[9] Defendant asserts that the doctrine of excusable neglect only empowers the bankruptcy court to extend its own claim filing deadlines.  See, e.g., Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 382 (1993) (explaining that Fed. R. Bankr. P. 9006(b)(1) creates the doctrine).  I need not decide the issue, as I conclude that, for purposes of continuing with his lawsuit, plaintiff's acts were not excusable.

7

plan of reorganization has already been approved, demonstrating prejudice to defendant should plaintiff's claim not be discharged. Cf. In re Golden Distributors, Ltd., 128 B.R. at 351 (noting that the debtor's plan of reorganization had not yet been filed). Although plaintiff is not a sophisticated creditor, I conclude as a matter of law that his failure to follow up on the notice cannot be excused.[10] See, e.g., In re Klein, 64 B.R. 372, 376 (E.D.N.Y. 1986) (rejecting argument that literate pro se creditor who received proper notice was excused from compliance with bar date).

Because plaintiff's claim against defendant arose prior to defendant's filing for bankruptcy, plaintiff was required to file a proof of claim form with the bankruptcy court to preserve his claim. He failed to do so despite receiving formal notice, and despite retaining an attorney who was aware of the proceedings. Insofar as our bankruptcy laws are intended to enable a debtor to distribute its property in an orderly and equitable manner and obtain a "fresh start" clear of liability for old debts (Central Valley Community College v. Katy, 126 S. Ct. 990, 996 (2006)), allowing plaintiff's claim to proceed in this Court under these circumstances is highly inappropriate. The undisputed facts amply demonstrate

---

[10] Additionally, it is undisputed that plaintiff's attorney was aware of defendant's bankruptcy. That defendant's counsel did not specify that plaintiff's discrimination claim would be subject to the bankruptcy proceedings, and suggested that formally serving the complaint would violate the automatic stay, did not excuse plaintiff's attorney from taking minimal steps to investigate the matter and preserve his client's claim. Thus, to the extent that the doctrine of judicial estoppel would apply here, that argument must also be rejected.

8

that plaintiff's claim in this Court was discharged as a matter of law once the bankruptcy court issued its Confirmation Order. For this reason, and for those discussed, defendant's motion for summary judgment is **GRANTED**.[11]

Dated: May 1, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ESOIMEME\SJ.BZ.FINAL.wpd

---

[11] With its reply, defendant filed a host of evidentiary objections to plaintiff's papers. Because I have resolved the motion in defendant's favor, the objections are **OVERRULED** as moot.